**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 22-13655

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ROBERTO PERALTA IBARRA,

*Defendant- Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20581-DPG-3

————————————————

————————————————

No. 22-13743

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALBERTO PEGUERO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20581-DPG-2

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Appellants Roberto Peralta Ibarra and Alberto Peguero appeal their convictions under the Maritime Drug Law Enforcement Act (MDLEA) for conspiracy to distribute controlled substances on a vessel subject to the jurisdiction of the United States.  Peguero also appeals his sentence.  Appellants assert several issues on appeal, which we address in turn.  After review, we affirm Appellants' convictions and Peguero's sentence.

## I.  DISCUSSION

*A.  MDLEA Application to Exclusive Economic Zones*

Appellants first contend the district court never had subject matter jurisdiction under the MDLEA as applied to their offense because they were not arrested upon the "high seas."  Rather, their offense was committed on non-territorial waters around Colombia comprising its exclusive economic zone (EEZ) under international law.  However, this Court recently held an EEZ is part of the "high

seas" for purposes of the Felonies Clause in Article I of the Constitution. *United States v. Alfonso*, 104 F.4th 815, 823 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2706 (2025). International law does not limit the Felonies Clause. *Id.* at 826. Therefore, a motion to dismiss an MDLEA indictment on constitutional grounds was properly denied in *Alfonso* when several codefendants were arrested 69 nautical miles off the coast of the Dominican Republic within its EEZ because this location was within the "high seas." *Id.* at 819, 827.

The holding that EEZs are within the "high seas" of the Felonies Clause is binding precedent in this case. *Alfonso*, 104 F.4th at 827; *see also United States v. Kluge*, 147 F.4th 1291, 1303 n.3 (11th Cir. 2025) (stating under our prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or us sitting en banc). Thus, the district court had subject matter jurisdiction under the MDLEA and the MDLEA applied to the Appellants arrested in the EEZ of Colombia.

B. *Constitutionality of MDLEA*

1. *Definition of Stateless Vessels*

Appellants next contend the MDLEA exceeds Congress's authority under the Felonies Clause when it defines "stateless" vessels more broadly than international law does in 46 U.S.C. § 70502(d)(1)(C). We review a challenge to the constitutionality of a criminal statute de novo. *United States v. Canario-Vilomar*, 128 F.4th 1374, 1378 (11th Cir. 2025), *cert. denied*, __ S. Ct. __, 2025 WL 2824488 at *1 (Oct. 6, 2025). Although a guilty plea generally

waives a defendant's right to appeal his conviction, it does not waive the right to challenge the constitutionality of the statute underlying the conviction. *Id.* International law does not limit Congress's authority to define "stateless" vessels for the purposes of the MDLEA in § 70502(d)(1)(C). *Id.* at 1381.

The Appellants' argument is foreclosed by *Canario-Vilomar*. This Court has already rejected the premise that international law limits Congress's authority to define "stateless" vessels. *Id.* Therefore, the district court did not err in holding § 70502(d)(1)(C) was a constitutional exercise of Congress's power to define "stateless" vessels and assert jurisdiction more broadly than international law.

### 2. Jurisdiction over Foreign Nationals

Appellants contend the MDLEA exceeds Congress's powers and violates due process because it allows the United States to assert jurisdiction over foreign nationals in the absence of any nexus between the offense and the United States. Appellants acknowledge this Court has rejected similar arguments.

The conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach. *Canario-Vilomar*, 128 F.4th at 1383 (quoting *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014)). We have thus "plainly foreclosed" due process nexus arguments. *Id.* at 1382–83.

Appellants' argument is foreclosed. Under our longstanding precedent, the MDLEA is constitutionally imposed on defendants regardless of their nexus to the United States, therefore, its

application was proper irrespective of Peguero's and Peralta Ibarra's ties to the country.

## C. Statutory Subject Matter Jurisdiction

Appellants contend the Government failed to prove the vessel they were arrested on was subject to the jurisdiction of the United States under 46 U.S.C. § 70502(d)(1)(C). They contend the plain text of § 70502(d)(1)(C) states it is satisfied only when a claim of *registry* is initially asserted, which they distinguish from their factual proffers which only stated the shipmaster "made a verbal claim of Dominican *nationality*."

We review de novo a district court's subject matter jurisdiction. *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023). The MDLEA's statutory jurisdictional requirement goes to the subject matter jurisdiction of the courts. *Id.* While parties may not stipulate to jurisdiction, they may stipulate to facts that bear on our jurisdictional inquiry. *Id.* Our task is to determine whether the stipulated facts give rise to jurisdiction. *Id.*

The MDLEA treats the terms "nationality" and "registry" as interchangeable throughout § 70502. *Id.* at 1291. The equivalency of these two terms in the statute is evidenced by § 70502(d)(1)(C), where the rejection of a master's claim of *registry* is premised on the named country's failure to confirm *nationality*. *Id.*

The Appellants' factual proffers were sufficient to establish statutory jurisdiction under § 70502(d)(1)(C) because claims of nationality and claims of registry are interchangeable in the MDLEA under this Court's precedent. *Id.* Although *Gruezo* did not deal

with a challenge to jurisdiction under § 70502(d)(1)(C), it neverthe-less used the subsection as an example of the principle that the MDLEA does not generally distinguish between the two concepts as a matter of law. *Id.* (finding no error when a magistrate judge concluded that § 70502(d)(1)(B) did not require the United States Coast Guard (USCG) to ask the master to make a claim of both nationality and registry for the vessel because the terms were inter-changeable in the statute). Therefore, the district court had subject matter jurisdiction for the Appellants' prosecution under § 70502(d)(1)(C) when the Appellants stipulated the master of their vessel asserted a nationality that was not verified by the asserted state.

### D.  *Nominal Involvement of the United States*

Appellants contend the USCG's "nominal involvement" in this "Dutch-interdiction" is insufficient to permit the application of the MDLEA. They maintain that because the Dutch "ran" the law enforcement effort, it was incumbent upon them, not the United States, to prosecute the offense. They argue allowing an American prosecution in these circumstances violates due process.

The United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances (CAIT) was signed by the United States and subsequently ratified by the United States Senate over three decades ago. *See* S. Rep. No. 102-30. Article 17 of CAIT provides that parties to the convention shall "co-operate to the fullest extent possible to suppress illicit traffic by sea." CAIT, art. 17.1. It also states that if a signatory has reasonable grounds to

suspect illicit traffic, it "may request the assistance of other Parties in suppressing its use for that purpose." *Id.*, art. 17.2. It states that those other parties "shall render such assistance within the means available to them." *Id.* The treaty encourages the establishment of "joint teams." *Id.*, art. 9.1(c).

Appellants do not show how the MDLEA is unconstitutional as applied to them because they cite no authority for the principle that the government's ability to prosecute hinges on its degree of involvement with their arrest and detention. We find no authority, and Appellants cite none,[1] supporting Appellants' argument that nominal involvement by the American government would make their prosecution unconstitutional. Further, the express terms of CAIT countenance this exact arrangement between Dutch and American authorities. The district court did not err in concluding the degree of involvement of the United States authorities in the arrest and detention of the Appellants—even if determined to be "nominal"—does not render the MDLEA unconstitutional as applied to them as a violation of the Appellants' due process rights.

### E. Safety Valve

Peguero contends the district court erred in interpreting the safety valve disqualification provisions at 18 U.S.C. § 3553(f)(1). Section 3553(f) of Title 18 of the United States Code lays out the

---

[1] We note Appellants do not argue they were unreasonably seized and searched by the USCG, so the Fourth Amendment authorities cited do not support their due process argument.

requirements for "safety valve" relief. 18 U.S.C. § 3553(f). If certain statutory requirements are met, a sentencing court may impose a sentence "without regard to any statutory minimum sentence." *Id.* The first requirement to be eligible for this relief is the defendant not have certain disqualifying marks on his criminal history. 18 U.S.C. § 3553(f)(1).

The three subsections of 18 U.S.C. § 3553(f)(1) create an eligibility "checklist," specifying three necessary conditions for safety valve relief: the defendant must not (1) have more than four total criminal history points, (2) have a prior three-point offense, and (3) have a prior two-point violent offense. *United States v. Pulsifer*, 601 U.S. 124, 141, 153 (2024). If any one of the three requirements is not met, a defendant is ineligible for the safety valve. *See id.*

Peguero's arguments have been foreclosed by *Pulsifer*. *Id.* The binding interpretation of "and" in § 3553(f)(1)(B) is a disjunctive one. *Id.* at 141, 153. Therefore, the district court did not err in finding Peguero ineligible for safety valve relief when it was undisputed he had a prior three-point conviction under § 3553(f)(1)(B).

## II.  CONCLUSION

Accordingly, we affirm Appellants' convictions and Peguero's sentence.

**AFFIRMED.**